IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASEY BROWN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>XPressGuards, Corp,<br><br>　　　　　　Defendant. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Casey Brown ("Plaintiff") and sets forth this Complaint for damages and demand for jury trial against XPressGuards, Corp ("Defendant" or "XPressGuards") under 29 U.S.C. §201 *et seq.* of the Fair Labor Standards Act (hereinafter "FLSA") claiming unpaid wages and overtime pay. Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1.

Plaintiff Casey Brown respectfully makes and presents the following allegations and claims against Defendant XPressGuards, Corp a domestic for-profit corporation that maintains its principal place of business in Atlanta, Georgia, within the jurisdiction of this court, and at all relevant times, employed the Plaintiff in Chatham County, Georgia.

1

2.

This is an action seeking injunctive, and equitable relief, as well as monetary damages including compensatory damages, liquidated damages, attorneys' fees and other relief to redress Defendant's violations of 29 U.S.C. §201 *et* seq, for failure to pay wages.

## JURISDICTION AND VENUE

3.

This court has jurisdiction over all causes of action asserted in this matter under 28 U.S.C. §§1331, 1343 and 28 U.S.C. §§2201 and 2202. This action centers on questions of federal law.

4.

This court has personal jurisdiction over Defendant because at all relevant times Defendant employed Plaintiff as an employee in Chatham County, Georgia, and operates and transacts business in this judicial district and Defendant can be served through Defendant's registered agent, Moise Louissaint, at 1230 Peachtree Street, Atlanta, Georgia, 30309.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district. This Court has personal and subject matter jurisdiction.

## PARTIES

6.

At all times material to the allegations of this Complaint, Plaintiff Casey Brown, is a natural person who resides in Chatham County, Georgia and submits to the jurisdiction of this Court by filing suit.

7.

At all times material to the allegations in this Complaint, Defendant XPressGuards, Corp is a domestic for-profit corporation that maintains its principal place of business in Atlanta, Georgia within the jurisdiction of this court and can be served through Defendant's registered agent, Moise Louissaint, 1230 Peachtree Street, Atlanta, Georgia, 30309.

## ADMINISTRATIVE PROCEEDINGS

8.

The FLSA does not require the exhaustion of any administrative remedies prior to filing a Complaint.

## STATEMENT OF FACTS

9.

Plaintiff re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in the specific detail hereinbelow.

10.

At all relevant times, Defendant, XPressGuards, was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

11.

Defendant XPressGuards provides security solutions to businesses and entities throughout the United States.

12.

Plaintiff was employed by Defendant XPressGuards, an enterprise, that engages in commerce of services for financial gain that has an annual gross revenue of at least $500,000 or more.

13.

At all times materials to this action, Plaintiff was employed by Defendant as defined by the FLSA, 29 U.S.C. §201, *et seq*. in Georgia.

14.

Plaintiff was a full-time security guard for Defendant, employed at an hourly rate of $30.00 per hour and his primary job duties included providing security detail at various locations for Defendant to its customers.

15.

After completing a Form W-4, a Form G-4, Plaintiff started working for Defendant on October 15, 2024.

16.

Plaintiff worked for Defendant for approximately four months and performed his job duties and responsibilities in a satisfactory manner and was forced to resign his job in January 2025 due to non-payment of wages.

17.

Throughout Plaintiff's employment, Defendant did not pay Plaintiff his wage or salary on a timely basis, forcing Plaintiff to make repeated requests for his bi-weekly payments.

18.

Defendant failed to properly compensate Plaintiff for regular hours worked throughout October 2024 through January 2025.

19.

Defendant failed to properly compensate Plaintiff for overtime hours worked throughout October 2024 through January 2025.

20.

For the November 16, 2024, pay day, Defendant failed to pay Plaintiff $195.00 in overtime wages (for the October 27, 2024, to November 9, 2024, pay period).

21.

For the November 30, 2024, pay day, Defendant failed to pay Plaintiff

$582.00 in overtime wages (for the November 10, 2024, to November 23, 2024, pay period).

22.

For the December 14, 2024, pay day, Defendant failed to pay Plaintiff $585.00 in overtime wages (for the November 24, 2024, to December 7, 2024, pay period).

23.

For the December 28, 2024, pay day, Defendant failed to pay Plaintiff $2760.00 in regular wages, and $1060.00 in overtime wages (for the December 8, 2024, to December 21, 2024, pay period).

24.

For the January 11, 2025, pay day, Defendant failed to pay Plaintiff $4,245.00 in regular and overtime wages (for the December 22, 2024, to January 4, 2025, pay period).

25.

Defendant has not been paid his final paycheck in the amount of $1,560.00 (for the January 5, 2025, to January 11, 2025, pay period).

26.

From October 2024 to January 2025, Defendant did not pay Plaintiff on time, and Plaintiff repeatedly and consistently requested that Defendant paid him for what he was owed.

27.

From October 2024 to January 2025, Defendant repeatedly, intentionally, and consistently failed or refused to pay Plaintiff for the wages he earned.

28.

Plaintiff has suffered lost wages, severe emotional distress, embarrassment, and humiliation as a result of the Defendant's conduct.

29.

Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

30.

Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, to remedy Defendant's violations of the wage provisions of the FLSA. As a result of these violations, Defendant has deprived Plaintiff of regular and overtime wages lawfully owed.

31.

Plaintiff routinely worked over 40 hours a week each pay period for Defendant and was not paid overtime wages.

32.

As a security guard, Plaintiff does the work of an employee classified by Defendant as non-exempt and entitled to overtime pay under the FLSA.

33.

For purposes of this litigation, the knowledge required to accomplish the work performed by Plaintiff was attained through on-the-job work experience only, with no additional prolonged intellectual course instruction.

34.

Defendant is aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation.

## COUNT I
## (VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)

35.

Plaintiff incorporates by reference each and every allegation set forth in paragraphs 10 through 34 as if fully set forth herein.

36.

Plaintiff is employed by Defendant as non-exempt employee, where he is due his bi-weekly pay for each pay period worked.

37.

Defendant is aware of each day Plaintiff work and has worked due to their time clock using Belfry. However, Defendant still refuses to pay Plaintiff properly under the FLSA.

38.

Defendant has intentionally failed and/or refused to pay Plaintiff

8

compensation as required by the FLSA.

39.

Despite Plaintiff's numerous demands for payment, Defendant failed to pay him required compensation.

40.

As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages from failing to receive wages in accordance with the FLSA.

41.

In addition to the amounts of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages and prejudgment interest pursuant to §216.

42.

Defendant's conduct is willful.

43.

Defendant have not made a good faith effort to comply with the FLSA.

44.

Defendant continues to violate the FLSA through its unlawful pay practices.

45.

Defendant pays and paid Plaintiff under a variety or combination of compensation practices, none of which included overtime premium pay for hours worked over 40 hours during Defendant's designated 7-day workweek.

46.

Plaintiff is non-exempt and works well over 40 hours a week during one or more weeks throughout his employment with Defendant.

47.

At all times relevant to this action, Defendant was an employer of Plaintiff as defined by §203(d) of the FLSA.

48.

At all times material to this action, Plaintiff is an employee of Defendant as defined by §203(e)(1) of the FLSA, and he worked for Defendant within the United States within the three years preceding the filing of this lawsuit.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendant be served with Summons and Complaint;

(c) For the Court to declare and find that Defendant violated the FLSA (29 U.S.C. § 206(a));

(d) For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

(e) For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) to be determined at trial;

(f) For the Court to award prejudgment and post-judgment interest on any damages awarded;

(g) For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint pursuant to 29 U.S.C. § 216(b);

(h) For the Court to grant a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys, and those acting in concert with Defendant on Defendant's behalf from continuing to violate the FLSA;

(i) For such other relief as this Court deems just and proper.

Respectfully submitted this 23rd day of January 2025.

*/s/ Christine A. Forsythe*
Christine A. Forsythe
Georgia Bar No.: 321456
*Attorney for Plaintiff*

**The Forsythe Law Firm, LLC**
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
Phone: (404) 476-2717
Fax: 770-212-9213
Email: christine@forsythelawfirm.com

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff certifies that this Complaint complies with paper, margin and font requirements as approved by the court in LR 5.1B.

/s/ *Christine A. Forsythe*
Christine A. Forsythe